# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNIE LAWSON, | Civil No. 3:16-cv-2088 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DARRYL CARTER, *et al.*, | |
| Defendants | |

## MEMORANDUM

Plaintiff, Ronnie Lawson, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this *Bivens*[1], 28 U.S.C. § 1331, action on October 11, 2016. (Doc. 1). Named as Defendants are the following employees at USP-Lewisburg: Counselor Marr and Lieutenant Beachel. (*Id.*). Also named as a Defendant is fellow Inmate Carter. (*Id.*). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). The complaint has been preliminarily screened[2] and, for the reasons set forth below, Plaintiff will be directed to file an amended complaint, and Inmate Carter will be dismissed

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.

from this action pursuant to 28 U.S.C. § 1915(e)(2)(i).

I. **Allegations of the Complaint**

In the complaint, Plaintiff alleges the following:

> On July 27, 2016 ... cell #109 on D-Block, prisoner: Carter cut me on the back-side of my left-hand with an object that I thought to be a razor after an early morning argu[]ment.
>
> Approximately one month earlier, after officer: Hackenberg came up to cell #106 & ordered me to pack my things to move-in with prisoner: Carter. I refused and told him that we weren't goin[g] [to] get along. Moments later, Mr. Marr said, "we run this, we tell you what to do." I packed-up and move[d] to cell #108 with Carter.
>
> I wrote a written document to the lieutenant concerning a possible weapon of some kind in Carter's possession. And asked to have us pulled-out and the cell searched. It never was, not until the day of our incident.

(Doc. 1, pp. 2-3).

For relief, Plaintiff seeks monetary damages, he requests to be housed in a single cell for the remainder of his incarceration at USP-Lewisburg, and he requests that charges be filed against Inmate Carter. (*Id.* at pp. 3-4).

II. **Discussion**

Under the Prison Litigation Reform Act of 1995[3] (the "Act"), the Court is obligated to screen the complaint when a plaintiff wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2) of the Act provides:

---

[3] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

2

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -- (A) the allegation of poverty is untrue; or (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

The claim against Defendant Carter is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A *Bivens* action is the federal counterpart to an action filed under 42 U.S.C. § 1983. *See Paton v. LaPrade*, 524 F.2d 862 (3d Cir. 1975); *Farmer v. Carlson*, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988). Central to any claim for relief under 42 U.S.C. § 1983 is that the plaintiff must allege that he has been deprived of a "right, privilege or immunity secured by the Constitution and laws," by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff fails to allege that Defendant Inmate Carter was acting under color of state law. Moreover, there is no allegation that Inmate Carter was acting in conspiracy or concert with some person or persons who could be considered state actors for purposes of section 1983. *See Dennis v. Sparks*, 449 U.S. 24 (1980). Consequently, the claim against him has no arguable basis in either law or fact and is therefore legally frivolous.

To the extent that Plaintiff seeks "to be placed on single-cell status, only for [his] remaining stay at Lewisburg's prison", (Doc. 1, p. 3), it is well-established that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215 225 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976). Simply put, as a legal matter, Plaintiff has no constitutional right to choose his cell assignment.

Lastly, under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Plaintiff's complaint is dated October 11, 2016. (Doc. 1). On October 17, 2016, Plaintiff submitted a BP-9 Administrative Remedy Request wherein he stated that he would like "*to begin* a grievance procedure for [his] claim at the U.S. District Court for the Middle District of Pennsylvania." (Doc. 8, p. 2) (emphasis added). The Court notes that Plaintiff is required to exhaust his administrative remedies prior to the initiation of suit. *See Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust all available administrative remedies prior to filing suit, including a *Bivens* action."); *Millbrook v. United States*, 8 F.Supp.3d 601, 611 (M.D. Pa.

2014) ("Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. '[E]xhaustion must occur prior to filing suit, not while the suit is pending.'") (citations omitted). Accordingly, Plaintiff's claims are subject to dismissal for failure to exhaust his administrative remedies under the PLRA.

Based on the foregoing, the Court is confident that service of process is unwarranted at this juncture. However, in light of Plaintiff's *pro se* status, he will be granted the opportunity to file an amended complaint. While Plaintiff will be afforded an opportunity to file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

## III. Conclusion

Given Plaintiff's *pro se* status, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended

complaint will result in dismissal of this action without further notice of court. Additionally, the claim against Defendant Inmate Carter will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order shall issue.

Dated: November 14, 2016

Robert D. Mariani
United States District Judge