IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNIE LAWSON, | Civil No. 3:16-cv-2088 |
| Plaintiff | (Judge Mariani) |
| v. | |
| COUNSELOR MARR, et al., | |
| Defendants | |

**MEMORANDUM**

I. **Background**

Plaintiff, Ronnie Lawson, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this *Bivens*[1], 28 U.S.C. § 1331, action on October 17, 2016. (Doc. 1). The matter is proceed *via* an amended complaint. (Doc. 12). Named as Defendants are the following employees at USP-Lewisburg: Robert Marr, Correctional Counselor; Dallas Beachel, Lieutenant; and Benjamin Missigman and Nathen Beaver, Senior Officers. (*Id.*).

Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 20). For the reasons set forth below, the Court

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

will grant Defendants' motion for summary judgment.

## II. Summary Judgment Standard of Review

When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the court's intent to do so. *Id.*; *Garcia v. Newtown Twp.*, 2010 WL 785808, at *3 (E.D. Pa. 2010). However, if a motion to dismiss has been filed with an alternative request for summary judgment, the Third Circuit Court of Appeals has found that the alternative filing is sufficient to "place the parties on notice that summary judgment might be entered." *Latham v. United States*, 306 F. App'x 716, 718 (3d Cir. 2009) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996)). Accordingly, the Court will treat Defendants' filing as a motion for summary judgment.

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence

of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the

summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## III. *Bivens* Standard

A *Bivens* action is the federal counterpart to an action filed under 42 U.S.C. § 1983. *See Paton v. LaPrade*, 524 F.2d 82 (3d Cir.1975); *Farmer v. Carlson*, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988). Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

4

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

IV. **Allegations of the Amended Complaint**

Lawson alleges that in June 2016, he was assigned to a new cell and housed with an inmate he did not get along with. (Doc. 12, p. 2). Lawson alleges that he informed Defendant Hackenberg that he and the new cellmate "weren't going to get along." (*Id.*). Lawson further contends that he wrote to Defendant Beachel and informed him that his new cellmate possessed a weapon of some kind and requested that their cell be searched. (*Id.*).

On July 27, 2016, Lawson asserts that he was involved in a physical altercation with his cellmate. (*Id.* at p. 3). Lawson claims that he punched his cellmate in the face multiple times. (*Id.*). During the altercation, Lawson sustained a laceration on his left hand from a razor. (*Id.*). He states that the dispute was resolved without staff intervention. (*Id.*).

On November 3, 2016, Lawson states that he punched a new cellmate in the face while the cellmate was in hand restraints because the cellmate had been threatening to "stab him in the neck." (*Id.* at pp. 3-4). After the altercation, Lawson submitted to hand restraints and was escorted to a shower area. (*Id.* at p. 4). While being transported to the shower area, Lawson alleges that he was assaulted by Defendant Beaver and pushed into a corner by Defendant Missigman. (*Id.* at p. 4). He claims that Defendant Beaver punched

him, kneed him in his left thigh, and placed him in a cage. (*Id.* at p. 4). Lawson was then escorted to a new cell by Defendant Missigman. (*Id.* at p. 5). He claims that Defendant Missigman kneed him in the left thigh on two occasions during this transport. (*Id.*).

Lawson alleges that on November 6, 2016, Defendant Beaver punched him two times in the left rib cage and kneed him in the left thigh. (*Id.* at pp. 5-6). He claims that Defendant Beaver then denied him the opportunity to shower or participate in recreation. (*Id.*). He further claims that Defendant Missigman denied him shower and recreation on November 18, 2016, and that he was denied shower on November 21, 2016. (*Id.* at p. 6).

## V. Statement of Undisputed Facts

Rule 56 of the Federal Rules of Civil Procedure provides: "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2). Similarly, Middle District of Pennsylvania Local Rule 56.1 states: "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." M.D. PA. L.R. 56.1. Although Lawson filed a brief in opposition to Defendants' motion, he failed to file a responsive statement of facts as required by Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56.1. Thus, the undisputed facts, taken from Defendants' statement of material facts, (Doc. 21, Statement

of Material Facts ("SMF")), and the exhibits submitted therewith, are as follows.

A search of the Bureau of Prison's ("BOP") administrative remedy records reveals that Lawson filed a total of thirty-five (35) administrative remedies while incarcerated in the BOP. (Doc. 21-1, pp. 3-4, Declaration of Jonathan Kerr ("Kerr Decl."), ¶ 8; Doc. 21-1, pp. 6-24, BOP SENTRY Report, Administrative Remedy General Retrieval). Lawson never filed an administrative remedy, at any level, regarding the present claims. (*Id.*). Specifically, he never filed an administrative remedy regarding a cell assignment or being subject to risk of injury created by the cell assignment, failure to search for or protect him from a weapon, alleged staff assaults on November 3, 2016 and November 6, 2016, and being denied the opportunity to participate in recreation or shower. (*Id.*).

In the amended complaint, Lawson's first claim pertains to a June 2016 cell assignment. (SMF ¶ 17; Kerr Decl. ¶ 5). The only remedies filed in June 2016 regarded a Discipline Hearing Officer ("DHO") appeal. (SMF ¶ 17; Doc. 21-1, pp. 12-13, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).

Lawson's next claim involves a cell fight in July 2016. (SMF ¶ 18; Kerr Decl. ¶ 6). The only administrative remedies Lawson filed in July, August, September or October, 2016 pertained to a transfer request and DHO appeals. (SMF ¶ 18; Doc. 21-1, pp. 14-21, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).

Lawson's remaining claims are allegations of excessive force by staff on November

7

3, 2016 and November 6, 2016. (SMF ¶ 19; Kerr Decl. ¶ 7). A review of the administrative remedies Lawson filed up until December 12, 2016, the date of the instant amended complaint, reveals that the only grievances he filed pertained to DHO appeals, commissary concerns, and an "unknown notification of a court case". (SMF ¶ 19; Doc. 21-1, pp. 22-23, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).

Lawson has not filed any administrative remedies with regard to any claim raised in the amended complaint. (SMF ¶ 20; Doc. 21-1, pp. 6-24, BOP SENTRY Report, Administrative Remedy Generalized Retrieval).

## VI. Discussion

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). Section 1997e(a) establishes the requirement of administrative exhaustion:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Lawson's Bivens claim falls within the ambit of the PLRA. See Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) ("[Section] 1997e(a) applies equally to § 1983 actions and to Bivens actions.").

8

The PLRA "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It has been made clear that the exhaustion requirement is mandatory. *See Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis*, 204 F.3d at 67 (same). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." *Nyhuis*, 204 F.3d at 73 (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894-95 (S.D.N.Y. 1998)). To exhaust administrative remedies an inmate must comply with all applicable grievance procedures and rules. *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. *Spruill*, 372 F.3d at 227-32; *see also Nyhuis*, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *Spruill*, 372 F.3d at 227-32; *see also Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

For federal prisoners, such as Lawson, the BOP has an administrative remedy procedure setting forth the necessary steps to exhaust a grievance pursuant to § 1997e(a).

9

28 C.F.R. § 542.10(a). Specifically, the BOP has a three-level administrative process through which an inmate can address issues concerning the conditions of his confinement. See id. An inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the warden, within twenty calendar days of the date of the incident. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The inmate may then appeal to the BOP's Central Office within thirty calendar days, which office is the final administrative appeal level in the BOP. Id. No administrative appeal is considered to have been fully exhausted until considered by the BOP's General Counsel. 28 C.F.R. § 542.15(a). If an administrative remedy is rejected for a procedural deficiency, the remedy is returned to the inmate and the BOP provides the inmate with a written notice explaining the reason for the rejection. 28 C.F.R. § 541.17(b).

According to Defendants, Lawson filed thirty-five (35) administrative remedies while incarcerated in the BOP. (Kerr Decl. ¶ 8; Doc. 21-1, pp. 6-24, BOP SENTRY Report, Administrative Remedy General Retrieval). None of those administrative remedies pertained to the issues raised in the amended complaint. (Id.). Lawson has not provided any evidence to dispute this fact. The undisputed evidence establishes that Lawson has

not filed any administrative remedies regarding any of the issues alleged in the amended complaint.

In his brief in opposition to Defendants' motion, Lawson submitted a copy of the Administrative Remedy Generalized Retrieval highlighting remedy number 884066-R1 filed with the regional office on November 29, 2016, and remedy number 884066-A1 filed with the central office on November 29, 2016. (Doc. 23, pp. 2-3). These remedies were classified as "unknown court case notification." (*Id.*). Both of these remedies were rejected. (*Id.*). Lawson was advised that neither the regional office nor the central office had any idea what he was talking about, and that he must provide more specific information so that his request/appeal may be considered, and he must re-submit it properly at the institutional level. (*Id.*). Lawson failed to do so. (Doc. 21, SMF ¶¶ 19-20; Doc. 21-1, BOP SENTRY Report, Administrative Remedy Generalized Retrieval). Rather than comply with the directives of the regional and central offices, Lawson chose to abandon his administrative remedies.

Furthermore, Lawson has failed to present any facts or evidence that prison officials obstructed his attempt to exhaust administrative remedies regarding his *Bivens* claim under the PLRA. Courts have invariably held that affirmative misconduct by prison officials, designed to impede or prevent an inmate's attempts to exhaust, may render administrative remedies unavailable. *See Todd v. Benning*, 173 F. App'x 980, 982-83 (3d Cir. 2006)

(expressing approval of the Eighth Circuit's holding in *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) that administrative remedies were not available where prison officials "purportedly prevented prisoner from employing the prison's grievance system"). Examples of affirmative misconduct on the part of prison officials include: (1) threatening a prisoner in an attempt to thwart the prisoner's attempts to exhaust, *see Harcum v. Shaffer*, 2007 WL 4167161, at *5 (E.D. Pa. 2007) (finding administrative remedies unavailable where prison officials threatened plaintiff with "opposition to his future prerelease application, parole, or outside work detail if he did not withdraw his grievance"), (2) refusing to provide appropriate grievance forms in response to inmate inquiries, *see Mitchell v. Horn*, 318 F3d 523, 529 (3d Cir. 2003), (3) advising an inmate that his or her situation does not require a grievance, *see Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (finding that administrative remedies were unavailable to plaintiff who had been advised by prison official that he must wait until the end of the prison's investigation before filing a grievance), and (4) failing to file or respond to a prisoner's grievances, *see Camp*, 219 F.3d at 280-81 (finding that administrative remedies were unavailable where prison officials refused to file plaintiff's grievances regarding their coworkers). The Third Circuit has found that the institution "rendered its administrative remedies unavailable to [an inmate] when it failed to timely (by its own procedural rules) respond to his grievance and then repeatedly ignored his follow-up requests for a decision on his claim." *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016).

In the present matter, Lawson does not allege, nor does he present any affirmative evidence, that he was he misled or ignored by prison officials, was impeded in filing a grievance, or that some other extraordinary circumstance prevented him from complying with the BOP grievance process.

A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. *See Anderson*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986); *see also* FED. R. CIV. P. 56(c), (e). Lawson has failed to meet his burden with respect to the exhaustion of his claims. Defendants are therefore entitled to an entry of summary judgment in their favor.

## VII. Conclusion

Based on the foregoing, Defendants' motion (Doc. 20) for summary judgment will be granted. A separate Order shall issue.

Dated: February 20, 2018

Robert D. Mariani
United States District Judge